UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRUCE FREIBURGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. |
| ) | |
| ) | |
| MULTIMATIC INDIANA, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant that:

1. The plaintiff is Bruce Freiburger ("Plaintiff"), a resident of Kendallville, Noble County, Indiana, and a qualified individual with a disability/record of impairment. Plaintiff's date of birth is October 12, 1952, and at the time of his termination, Plaintiff was 63 years-old.

2. The defendant is Multimatic Indiana, Inc. ("Defendant"), a Delaware registered foreign corporation doing business at 201 Re Jones Road, Butler, Dekalb County, Indiana.

3. At all material times to this Complaint, Defendant employed more than 15 individuals and was an employer for the purposes of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA").

1

4. Plaintiff filed a Charge of Discrimination on or about December 13, 2016, EEOC # 470-2017-00652 a copy of which is attached hereto, incorporated herein and made a part hereof as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights/ Notice of Suit Rights ("NORTS") on or about June 16, 2017, a copy of which is attached hereto as Exhibit "B". All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this suit, which has been timely filed within 90 days of the issuance of the EEOC's NORTS.

5. Plaintiff was employed by Defendant from September 5, 2014 until his wrongful termination on or about September 13, 2016. Plaintiff performed his job duties to the reasonable expectations of Defendant throughout his employment.

6. Plaintiff was hired with the title of Manufacturing Engineer and was transferred to the Launch Team shortly after his hire.

7. About six months prior to Plaintiff's termination, when Plaintiff was asked to fly to Germany for a project, Plaintiff told the Technical Launch Manager, Frank King, that Plaintiff was suffering from a disability, peripheral neuropathy, and could not sit long enough for the plane trip. Plaintiff and King spoke about Plaintiff's neuropathy at length, and Plaintiff was told to obtain paperwork for FMLA, which he received from human resources.

8. About three months prior to Plaintiff's termination, the Launch Team was working on an important program for Chrysler. Plaintiff filed a complaint against his Program Manager, Melvin Conklin, for withholding information and verbal

abuse during meetings. Plaintiff was then removed from the Chrysler program.

9. Plaintiff was replaced with Rhys Jones ("Jones"), a 24-year old recent college graduate, with substantially less experience than Plaintiff. Melvin Conklin explained that Plaintiff was replaced by Jones because Conklin, "wanted someone young and energetic" in the position. Jones requested that Plaintiff stay and mentor him.

10. About two months prior to Plaintiff's termination, Athen Richards, Operations Manager, was speaking to Plaintiff and said, "Everyone likes and enjoys working with you, but me, personally, the jury's still out on how you perform. You smile all the time and don't get rattled." Plaintiff replied, "Maybe when you are in your sixties, you won't get rattled either." Mr. Richards then made a comment about the way Plaintiff walked, which was due to Plaintiff's peripheral neuropathy.

11. The day of Plaintiff's termination, he was called into a meeting by Athen Richards. Sandy Baker, Human Resources, was also present.

12. Mr. Richards explained that the company was breaking up the Launch Team. Plaintiff asked to return to the Manufacturing Engineer position that he was originally hired to fill and which had a vacancy.

13. Mr. Richards stated that Plaintiff would not be able to do the Manufacturing Engineer position and attempted to get Plaintiff to resign. Plaintiff reminded Mr. Richard's that he had originally been hired for the Manufacturing Engineer position and had been moved to the Launch Team after hire.

14. Sandy Baker attempted to stop the meeting by saying that perhaps Plaintiff should

speak to an attorney. Plaintiff was given no reason for termination.

15. Following his termination, Plaintiff applied for the open Manufacturing Engineer position, but was not given an interview.

16. Plaintiff alleges that Defendant's refusal to interview him for the position is direct retaliation for his complaints against Conklin and Conklin's hostility to older employees and/or Plaintiff's disability/record of impairment.

17. Plaintiff asserts that the proffered reason for his termination and the refusal to place Plaintiff in the vacant and posted position of Manufacturing Engineer was retaliatory and pre-textual. The actual reasons for Defendant's actions were discrimination and retaliation due to Plaintiff's age (over 60) and disability.

18. Defendant's discriminatory and/or retaliatory conduct was in violation of Plaintiff's federally protected rights under the ADEA and ADA, and was intentional, knowing, willful, wanton and in reckless disregard of Plaintiff's statutory and federally protected rights.   Plaintiff is entitled to receive compensatory damages, punitive damages, liquidated damages, and reasonable attorney's fees.

19. Defendant's discriminatory and/or retaliatory conduct against Plaintiff on the basis of Plaintiff's age and disability/record of impairment was the direct and proximate cause of Plaintiff suffering the loss of his job and job related benefits including income, and subjected Plaintiff to inconvenience, emotional distress (as to Plaintiff's ADA claims), and other damages and injuries.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for lost wages,

compensatory damages, punitive damages (where available), liquidated damages (where available), reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, No. 10043-02
Lori W. Jansen, No. 19417-57
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
Attorneys for Plaintiff

LJ/js